IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. MENKELLO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-574
CRIM. NO. 2:06-CR-00211
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant Motion to Vacate Sentence under 28 U.S.C. 2255. (Doc. 51). This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I.    FACTS AND PROCEDURAL HISTORY

This case involves Petitioner's convictions pursuant to his Plea Agreement on armed bank robbery, using and carrying a firearm during and in relation to a crime of violence, attempt to damage, destroy, disable or wreck an aircraft in the special aircraft jurisdiction of the United States, and discharging a firearm during and in relation to a crime of violence. (Doc. 40). In a Judgment filed on October 5, 2007, the Court imposed an aggregate term of 360 months of imprisonment. (Doc. 49).

On June 22, 2016, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. (Doc. 51). Petitioner asserts that, pursuant to *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), his convictions for armed bank robbery and attempted destruction of an aircraft

categorically do not constitute predicate offenses qualifying as crimes of violence to sustain his convictions under 18 U.S.C. § 924(c). Specifically, Petitioner argues bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), categorically does not constitute a crime of violence because it can be accomplished through deceptive acts that do not require the use, attempted use, or threatened use of "violent force," such as intimidation, or by entering a bank with intent to commit "any felony." (Doc. 51, PageID #: 146–47). Petitioner similarly argues that attempted destruction of an aircraft pursuant to 18 U.S.C. § 32(a)(1) and (7) fails to satisfy the "force clause" of 18 U.S.C. § 924(c)(3), because it does not include an element of "physical force" so as to meet the definition for a crime of violence. (*Id.*, PageID #: 147).

## II. DISCUSSION

In *Johnson v. United States*, 135 S. Ct. at 2551, the United States Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA"), to be unconstitutionally vague. Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States,* -- U.S. --, --, 136 S. Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review) (citing *Johnson,* 135 S. Ct. at 2555–56). It is this section of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at —–, 135 S. Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at —–, 135 S. Ct., at 2560.

*Id.* at 1262.

Another part of the statute, 18 U.S.C. § 924(c)(1)(A), provides for an enhanced punishment for any person who uses, carries, or possesses a firearm "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. The statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "force clause" of the statute, while section 924(c)(3)(B) is referred to as the "residual clause." *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *1 n.2 (E.D. Mich. Dec. 18, 2015). Based on the Supreme Court's reasoning in *Johnson*, Petitioner argues that the "residual clause" of § 924(c)(3)(B), like the residual clause of § 924(e)(2)(B), is unconstitutionally vague, and his conviction on such offense is therefore constitutionally invalid.

3

However, the United States Court of Appeals for the Sixth Circuit has found Petitioner's argument to be "without merit." *United States v. Taylor*, 814 F.3d 340, 375–36 (6th Cir. 2016) (rejecting argument "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson*'s analysis does not apply to § 924(c)(3)(B); *see also Bryant v. United States*, No. 1:16-cv-688, 2016 WL 3251579, at *2 (W.D. Mich. June 14, 2016) ("Indeed, the Sixth Circuit has examined the residual clause in § 924(c) and determined that the analysis in *Johnson* does not apply."). *Taylor* controls here and forecloses Petitioner's argument.

Further, Petitioner's remaining claims do not appear to raise issues under *Johnson*. Instead, Petitioner argues that his convictions for armed bank robbery, under 18 U.S.C. § 2113(a) and (d), and attempted destruction of an aircraft pursuant to 18 U.S.C. § 32(a)(1) and (7), do not qualify as "crimes of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010). These claims are untimely. 28 U.S.C. § 2255(f) (providing for a one-year statute of limitations in the filing of § 2255 motions). Petitioner could have raised such issues long before the Supreme Court's decision in *Johnson*, 135 S. Ct. at 2551. *See United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) (reaching same conclusion and noting that "[t]he *Johnson* decision does not make timely *any* claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*") (emphasis added).

Moreover, Petitioner's conviction on attempted destruction of an aircraft under 18 U.S.C. § 32(a)(1) and (7)[1] plainly satisfies the definition of the "force clause" of § 924(c)(3)(A), having

---

[1] 18 U.S.C. § 32(a)(1) and (7) provide:

4

as an element of the offense "the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Greene*, Nos. 4:05-cr-15, 4:10-cr-15, 2013 WL 5488653, at *27 (E.D. Tenn. Sept. 30, 2013). Therefore, in this case, the Court need not consider the so-called residual clause of § 924(c)(3)(B) to reach such conclusion. *See United States v. Mackie*, No. 3:14-cr-00183, 2015 WL 5732554, at *4 (W.D.N.C. Sept. 30, 2015) (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.")).

Petitioner pleaded guilty to Count 1 of the *Indictment,* which explicitly charged him with "by force, violence and intimidation" taking money from the Huntington National Bank, and in so doing, putting "in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm." *Indictment* (Doc. 10, PageID #: 15). Petitioner thereby admitted guilt to his use of force, violence, and placing the life of another person in jeopardy by use of a firearm in commission of the offense. "In numerous cases the Sixth Circuit has affirmed the convictions of criminal defendants for committing (1) armed bank robbery and (2) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), without expressing any reservation about whether armed bank robbery constitutes a 'crime of violence.'"

---

(a) Whoever willfully—

(1) sets fire to, damages, destroys, disables, or wrecks any aircraft in the special aircraft jurisdiction of the United States or any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce;

. . . .

(7) communicates information, knowing the information to be false and under circumstances in which such information may reasonably be believed, thereby endangering the safety of any such aircraft in flight;

. . . .
shall be fined under this title or imprisoned not more than twenty years or both.

5

*United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *7 (E.D. Mich. Dec. 18, 2015) (citing *United States v. Crowe,* 614 F. App'x 303, 306 (6th Cir. 2015); *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013); *United States v. Shuck*, 481 F. App'x 600, 603 (11th Cir. 2012)); *see also United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *6 (N.D. Indiana Dec. 1, 2015)("The caselaw is replete with cases where a defendant has been convicted of using a firearm during a crime of violence where the predicate offense is bank robbery."); *United States v. Green*, No. RDB-15-0526, 2016 WL 277982, at *2–3 (D. Maryland Jan. 22, 2016) (armed robbery constitutes a crime of violence under the force clause of § 924(c)(3)(A)) (citing *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991)). "Nothing in the Supreme Court's recent decisions calls this into doubt. And nothing in the statute suggests that congressional intent would be served by finding that bank robbery is not a crime of violence." *Church*, 2015 WL 7738032, at *6.

Moreover, the United States Court of Appeals for the Sixth Circuit has rejected the argument that armed bank robbery does not qualify as a crime of violence under § 924(c)(3)(A) because it may be committed through the use of intimidation rather than force:

> Bank robbery by "force and violence" plainly involves "the use, attempted use, or threatened use of physical force." Whether the same is true of bank robbery by "intimidation" is a closer question, although not by much. In the context of § 2113(a), "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force." *United States v. Gilmore,* 282 F.3d 398, 402 (6th Cir. 2002); *see also James Lindgren, "Blackmail and Extortion," in 1 Encyclopedia of Crime and Justice* 115, 115 (Sanford H. Kadish ed., 1983) ("[R]obbery by intimidation" involves the "threat[] to do immediate bodily harm, whereas . . . blackmail or extortion" involves the "threat[] to do bodily harm in the future."). Intimidation concerns whether an ordinary person would feel threatened under the circumstances, *Gilmore,* 282 F.3d at 403, but the prosecution must prove that the defendant possessed "general intent—that is . . . knowledge"—with respect to taking the

6

> property by intimidation, *Carter v. United States*, 530 U.S. 255, 268, 120 S. Ct. 2159, 147 L.Ed.2d 203 (2000). The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. *See, e.g., United States v. McNeal*, 818 F.3d 141, 153, (4th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence'" under the physical-force clause of § 4B1.2(a).); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).
>
> We reject McBride's contention that daylight can be found between "intimidation" and "threatened use of physical force." Although McBride is correct that intimidation can be communicated by "words, demands, and gestures," so too with the threat of physical force, *Gilmore*, 282 F.3d at 402. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force. . . that is not the case with intimidation in the § 2113(a) context, which requires the threat to use physical force, not merely to cause bodily injury.

*United States v. McBride*, No. 15-3759, -- F.3d --. 2016 WL 3209496, at *2 (6th Cir. June 10, 2016). This Court is bound by that decision.

### III. CONCLUSION

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  August 18, 2016                                          /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE